# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/10/2021
CT Log Number 540566470

TO: Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

RE: **Process Served in California**

FOR: United Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHN R. SCHOLZ, III, an individual, and KEVIN E. BYBEE, an individual, on behalf of themselves and others similarly situated // To: United Airlines, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21CIV06029 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/10/2021 at 01:29 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | The document(s) received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/11/2021, Expected Purge Date: 11/16/2021<br><br>Image SOP<br><br>Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com<br><br>Email Notification,  Maria Bustamante  maria.bustamante@united.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 **CT Corporation**

**Service of Process Transmittal**
11/10/2021
CT Log Number 540566470

**TO:**   Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

**RE:**   **Process Served in California**

**FOR:**   United Airlines, Inc.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Nov 10, 2021

**Server Name:**                   DROP SERVICE

| Entity Served | UNITED AIRLINES INC |
|---------------|---------------------|
| Case Number | 21CIV06029 |
| Jurisdiction | CA |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED AIRLINES, INC., a Delaware corp., and DOES 1 through 10, inclusive

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON     **11/5/2021**
By     **/s/ Anthony Berini**
       **Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN R. SCHOLZ, III, an individual, and KEVIN E. BYBEE, an individual, on behalf of themselves and others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
| --- | --- |
| *(El nombre y dirección de la corte es):* | 21-CIV-06029 |

SUPERIOR COURT OF SAN MATEO COUNTY
400 COUNTY CENTER, REDWOOD CITY, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jane C. Mariani, Law Office of Jane C. Mariani, 584 Castro St., #687, S.F., CA 94114 / (415) 203-2453 / jcm@marianiadvocacy.com

| DATE: *(Fecha)* | 11/5/2021 | Neal I. Taniguchi | Clerk, by *(Secretario)* | /s/ Anthony Berini | , Deputy *(Adjunto)* |
| --- | --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JANE C. MARIANI, SBN 313666 | |

Law Office of Jane C. Mariani

TELEPHONE NO.: (415) 203-2453   FAX NO. *(Optional):*
E-MAIL ADDRESS: jcm@marianiadvocacv.com
ATTORNEY FOR *(Name):* John R. Scholz III and Kevin E. Bvbee

**Electronically FILED**
by Superior Court of California, County of San Mateo
ON  11/5/2021
By  /s/ Anthony Berini
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS: 400 COUNTY CENTER
CITY AND ZIP CODE: REDWOOD CITY  94063
BRANCH NAME: SOUTHERN BRANCH

CASE NAME:
SCHOLZ ET AL V. UNITED AIRLINES, INC. AND DOES 1-10

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21-CIV-06029 |
|---|---|---|
| [x] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: NOVEMBER 5, 2021
JANE C. MARANI
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

Page 1 of 2

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

## SUPERIOR COURT OF CALIFORNIA, SAN MATEO COUNTY

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

## WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits.   Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes.   All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time**.  Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.**  By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.**  Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.**  Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.**  ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation.  Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation.   The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award.  Arbitration awards may be entered as

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

## CIVIL ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT

- Upon filing a Complaint, the Plaintiff will receive this **information sheet** from the Superior Court Clerk. Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here. Parties chose and contact their own ADR provider. A Panelist List is available online.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference**. The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC. ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days. If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**You can find ADR forms on the ADR webpage: www.sanmateocourt.org/adr. For more information contact the Multi-Option ADR Project at (650) 261-5075 or 261-5076.**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
**MULTI OPTION ADR PROJECT**
HALL OF JUSTICE AND RECORDS
400 COUNTY CENTER
REDWOOD CITY, CALIFORNIA 94063

# ADR Stipulation and Evaluation Instructions

In accordance with ***Local Rule 3.904(b),*** all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. In accordance with ***Local Rule 2.1.7,*** all parties, except for self-represented litigants, are **required** to file the Stipulation and Order to ADR **electronically**.

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations **must** include the following:

> ❑   Signatures for all attorneys (and/or parties in pro per);
> ❑   The name and phone number of the neutral;
> ❑   Date of the ADR session (date must include month, day and year. TBD or tentative responses will not be accepted); and
> ❑   Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the Court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the Court's website at www.sanmateocourt.org/adr.

## If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial Case Management Conference (CMC), parties must file a completed stipulation at least 12 days before the scheduled Case Management Conference. The clerk will vacate the Case Management Conference, and the general civil action will be referred to the ADR Analyst [***Local Rule 3.805(f)***].

## If Filing Stipulation Following a Case Management Conference or Following an Order to Vacate Case Management Conference and Order to ADR

When parties are referred to ADR at the CMC, or parties receive an Order Vacating Case Management Conference and Order to ADR, they have 21 days from the date of the CMC or Order to file a Stipulation and Order to ADR with the Court [***Local Rule 3.904(b)***].

## Post-ADR Session

Submit post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation by Attorneys and Client Evaluation will be mailed by the ADR department as the mediation session date approaches, or can be downloaded from the Court's website [***Local Rule 3.905(c)***].

If not all disputes are resolved through the ADR session, file a Statement of Nonagreement (ADR-CV-11) with the Court to facilitate the setting of a post-ADR Case Management and Trial Setting Conference before the assigned Civil Judge [***Local Rule 3.905(b)***].

## Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at **(650) 261-5075.**

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655 (650) 261-5100 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference or Order to ADR unless directed otherwise by the Court and ADR Department [*Local Rule 3.904(b)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):
- ◎ Voluntary Mediation
- ◎ Neutral Evaluation
- ◎ **Non-Binding Judicial Arbitration CCP 1141.12**
- ◎ Binding Arbitration (private)
- ◎ Settlement Conference (private)
- ◎ Summary Jury Trial   ◎ Other: _____

Case Type: _____

Neutral's name and telephone number: _____ Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____

Original Signatures

| Type or print name of ☐ Party without attorney ☐ Attorney for ☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
|---|---|
| Type or print name of ☐ Party without attorney ☐ Attorney for ☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for ☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for ☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |

**IT IS SO ORDERED:**

Date: _____            _____
                                      Judicial Officer of the Superior Court of San Mateo County

Form ADR-CV-1 [Rev. July 2021]

1  Jane C. Mariani, SBN 313666
   **Law Office of Jane C. Mariani**
2  584 Castro Street, #687
3  San Francisco, CA 94114
   jcm@marianiadvocacy.com
4  (415) 203-2453

5  *Attorney for Plaintiffs*

6

7

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON        11/5/2021
By_____ **/s/ Anthony Berini**
              **Deputy Clerk**

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SAN MATEO**

10                                                Case No.:   21-CIV-06029

11  JOHN R. SCHOLZ, III, an individual, and        **CLASS ACTION**
    KEVIN E. BYBEE, an individual, on behalf
12  of themselves and others similarly situated,    **VERIFIED COMPLAINT FOR DAMAGES**
13                                                   **FOR:**
                   Plaintiff,
14                                                  1. **Violation of Labor Code §§ 233 and 234;**
    vs.                                             2. **Violation of Business and Professions Code**
15                                                     **§§ 17200 et seq (Unfair Business Practices);**
16  UNITED AIRLINES, INC., a Delaware corp.,        3. **Declaratory Relief**
    and DOES 1 through 10, inclusive
17                                                  **DEMAND FOR JURY TRIAL**
                   Defendant.
18                                                  Unlimited Civil Case

19

20         Plaintiffs John R. Scholz, III ("Plaintiff Scholz") and Kevin E. Bybee ("Plaintiff Bybee"),

21  on behalf of themselves, and all others similarly situated, complain and allege as follows:

22                                  **INTRODUCTION**

23
    1.      Plaintiffs Scholz and Bybee bring this class action for claims arising out of the sick leave
24
    and attendance policies of United Airlines, Inc. ("Defendant United"), on behalf of themselves
25
    and all California citizens currently or formerly employed as Technicians and Other Related
26
    employees ("Technicians") by Defendant United within the applicable statutory periods.
27

28

                                                1

                        CLASS ACTION VERIFIED COMPLAINT

2.     The California Labor Code ("Labor Code") requires employers who provide sick leave for employees to permit those employees to use the amount of sick leave those employees would accrue over a 6-month period to care for specifically designated sick relatives. This is commonly referred to as "kin care" sick leave. The Labor Code provides sole discretion to the employee to designate whether the use of accrued sick leave is for kin care sick leave or for personnel sick leave. And, the Labor Code prohibits employers from counting sick leave as an absence or "occurrence" which could potentially lead to discipline for the employee.

3.     The present action arises out of Defendant United's sick leave and attendance policies. Defendant United's sick leave policy auto-designates *every* use of sick leave as kin care sick leave, even when it is not kin care sick leave, until kin care sick leave is exhausted. Defendant United's attendance policies punish a Technician employee for using sick leave, in contravention of California law. These illicit and unlawful policies of Defendant United discriminate against Plaintiffs, and the Class, when applied in this manner. Moreover, Defendant United applies these policies only to its Technician employees and not all of its employees in California.

4.     During the relevant period, and continuing to the present, Defendant United illegally ignored, and continues to ignore, Plaintiffs', and other similarly situated Class members', right to determine and designate the use of paid sick leave. And, despite multiple express requests by Plaintiffs to Defendant United to cease this practice, and to correct wrongly designated kin care sick leave to accurately reflect personal sick leave, Defendant United adamantly refused, and continues to refuse, to do so. Moreover, Defendant United has disciplined Plaintiffs, and other similarly situated Class members, for using paid sick leave.

5.     As a result, Plaintiffs Scholz and Bybee bring this action seeking, among other relief, a declaration Defendant United's sick leave and attendance policies are unlawful under California

2

law; an injunction prohibiting use of, and enforcement of, the unlawful sick leave and attendance policies; restitution; accountings; damages; and available penalties pursuant to California law. These issues are apparent based on Defendant United's maintained records, as well as statements made by Defendant United to Plaintiffs, and are amenable for adjudication on a collective basis.

6.      On November 5, 2021, Plaintiffs gave written notice of the claims in Plaintiffs' complaint to the California Labor and Workforce Development Agency ("LWDA") seeking intervention or, in the alternative, permission to proceed as representative "aggrieved employees" for and on behalf of all other aggrieved employees and the State of California in a representative capacity under the California Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 et seq.  The statutory time for LWDA to respond has not yet expired.

## JURISDICTION AND VENUE

7.      Jurisdiction of this action is proper in the Superior Court of California under Article VI, §10 of the California Constitution because this action is a cause not given by statute to other trial courts.  Additionally, the monetary damages, penalties and other amounts sought in this action exceed the minimal jurisdictional limits of this Court.

8.      This Court has jurisdiction over Defendant United because Defendant United has sufficient minimum contacts with California and San Mateo County and because the claims in this action arise out of Defendant United's contacts with California and California law. Moreover, Defendant United's operation of its business activities out of multiple airports in California, including San Francisco International Airport where Defendant United employs thousands of Technician employees who reside in California, and Defendant United intentionally availing itself of the California market, render Defendant United subject to the jurisdiction of this Court in accordance with traditional notions of fair play and substantial justice.

3

9.      Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5 because the acts complained of in this Complaint giving rise to Defendant United's liability, the violations of law, and the resultant injuries to Plaintiffs Scholz and Bybee, and other similarly situated Class members, occurred, at least in part, in San Mateo County, where Defendant United also maintains offices, transacts business, and/or has an agent(s).

## PARTIES

10.     Plaintiff Scholz is a California citizen and a resident of Alameda County. Plaintiff Scholz has been employed by Defendant United at the San Francisco International Airport, located in unincorporated San Mateo County, as a Technician since 1998. Plaintiff Scholz is 57-years old and a father of two. Plaintiff Scholz monitors and rations all paid sick leave days in order to have paid sick leave days to provide the necessary and essential care for his family, particularly his elderly and ailing in-laws, as permitted under California law, and himself.

11.     Plaintiff Bybee is a California citizen and a resident of San Mateo County.  Plaintiff Bybee has been employed by Defendant United, at the San Francisco International Airport, located in unincorporated San Mateo County, as a Technician since 1989.  Plaintiff Bybee, a 59-years old father of two, is responsible for, and the primary caretaker for, his 88-years old mother who is handicapped and suffers from multiple chronic, debilitating medical conditions requiring medical attention.  Plaintiff Bybee monitors and rations all paid sick leave in order to have paid sick leave days to provide the necessary and essential care for his ailing mother, as permitted under California law.  Plaintiff Bybee himself has medical conditions for which Plaintiff Bybee takes sick leave.

12.     On information and belief, Defendant United, is, and at all relevant times, was a Delaware corporation, with its principal place of business in Illinois, authorized to do business under the

4

CLASS ACTION VERIFIED COMPLAINT

laws of the state of California and doing business within the state of California as an air carrier, engaging in substantial business in at least nineteen airports in the state of California, including in the counties of San Mateo, Sacramento, San Francisco, and Los Angeles.

13.     On information and belief, one of Defendant United's major hubs of business activity is located at the San Francisco International Airport, located in unincorporated San Mateo County, in the state of California, where Defendant United employs approximately 1,500 Technicians. On information and belief, Defendant United employs approximately 3,000 Technicians in total at the many other airport facilities from which Defendant United operates out of in California.

14.     Defendant United is, and at all material and relevant times, was an employer, and Plaintiff Scholz' and Bybee's employer, within the meaning of Labor Code §§ 233 and 234, subject to the Labor Code.

15.     Defendants named as Does 1 through 10, inclusive, are persons or entities whose true names and capacities, whether individual, corporate, or otherwise, are presently unknown to Plaintiffs Scholz and Bybee, who therefore sue said Doe defendants by fictitious name pursuant to California Code of Civil Procedure § 474. Plaintiffs Scholz and Bybee are informed and believe, and allege on that basis, each of the fictitiously named Doe Defendants perpetrated some or all of the unlawful and wrongful acts alleged herein; is responsible in some manner for the matters alleged herein; held executive positions with Defendant United and/or have acted on behalf of Defendant United by exercising decision making responsibility for and by establishing unlawful and unfair sick leave and attendance policies for Defendant United; and is jointly and severally liable to Plaintiffs Scholz and Bybee. Plaintiffs Scholz and Bybee will amend the Complaint to set forth the true names and capacities of Doe Defendants when such names are ascertained.

CLASS ACTION VERIFIED COMPLAINT

## FACTUAL ALLEGATIONS

### Allegations Common to All Claims and Relief Sought

16.     Defendant United employs numerous Technician employees throughout California.  At all times relevant and material, Defendant United conducted business and employed Plaintiffs, and other similarly situated Technicians, in San Mateo County, and throughout California.

17.     At all times relevant and material, Plaintiffs, and other similarly situated Technicians, were non-exempt employees, covered by the California Labor Code; by Defendant United's policies and practices; and by other orders, regulations and statutes.

18.     Defendant United's Technician employees, pursuant to collective bargaining agreement, accrue limited paid sick leave. Specifically, Technicians accrue 8-hours of paid sick leave for each month the employee is in a paid status or 96-hours annually, and can accumulate sick leave in a "sick bank" up to a maximum of 1,600-hours.

19.     Absent application of California law, Defendant United's paid sick leave may only be used for the Technician employee's own sickness or non-occupational injury and/or for illness of limited family members - a spouse or a dependent child. Defendant United's paid sick leave may not be used for a parent or sibling.  Defendant United's stated Technician sick leave policy also imposes an "occurrence" for disciplinary purposes on an employee for the third time an employee uses any paid sick leave to care for a spouse or dependent child in a 12-month period.  There is no way to mitigate an "occurrence" or assignment of reductive attendance point(s).

20.     And, contrary to California law, Defendant United erroneously auto-designates all paid sick leave as kin care sick leave regardless of whether the Technician is taking paid sick leave for personal sick leave or kin care sick leave. Defendant United does not auto-designate all sick leave as kin care sick leave for its other California employees, for example, its pilots.

21.    Defendant United maintains an attendance policy applicable to its Technician employees. Defendant United unilaterally adopted the attendance policy after ratification of the collective bargaining agreement. The attendance policy is not, and was not, subsequently incorporated into the collective bargaining agreement by agreement or ratification nor does the attendance policy refer to, reject, or waive California state labor laws.

22.    Under the original attendance policy, a Technician could be assigned a "point" for using sick leave. A Technician who received a certain amount of points was subject to discipline up to and including termination. In 2017, Defendant United allegedly modified the sick leave policy by removing the assignment of a point for using accrued sick leave; however, Defendant United continues to assign points to its Technician employees for using accrued sick leave.

23.    Plaintiffs are informed and believe, and allege on that basis, Defendant United utilizes the same sick leave and attendance policies in each airport facility in the state of California for its Technician employees and that Defendant United has acted knowingly, intentionally, and with deliberate indifference and conscious disregard to the rights of Plaintiffs, and other similarly situated members of the Class, in committing the abuses set forth above.

24.    Moreover, Plaintiffs are informed and believe, and allege on that basis, Defendant United has engaged in systemic violations of the Labor Code and California Business and Professions Code by creating and maintaining policies, practices and customs that knowingly deny Plaintiffs, and other similarly situated members of the Class, certain employment rights and that all such violations are ongoing.

25.    On November 5, 2021, Plaintiffs Scholz and Bybee filed notice with the California Labor and Workforce Development Agency ("LWDA"), sending a copy by certified mail to Defendant United, of the labor law violations set forth in this Complaint that Plaintiffs have suffered and,

7

on information and belief, other Technicians at United have suffered. In the event the LWDA declines to investigate or otherwise does not respond within the statutory period, Plaintiffs intend to investigate and amend this Complaint to seek penalties on behalf of all aggrieved employees who have been similarly harmed by the violations.

### Individual Allegations of Plaintiff Scholz to All Claims and Relief Sought

26.    At the start of the calendar year 2021, Plaintiff Scholz had approximately 90 hours of sick leave in his sick leave bank, which had accrued from his many years employed with Defendant United.  According to Defendant United's sick leave policy, Plaintiff Scholz could expect to accrue an additional 96-hours of sick leave in 2021 or one sick day per month.

27.    In 2021, Plaintiff Scholz took personal sick leave due to a personal illness; however, Defendant United auto-designated the sick leave as kin care sick leave to cover these absences without Plaintiff Scholz' authorization or permission.  By February 23, 2021, Defendant United had illicitly exhausted all of Plaintiff Scholz' kin care sick leave for 2021 through the erroneous designations of personal sick leave as kin care sick leave.

28.    On September 8, 2021, following the use of available paid sick leave on September 3, 2021, Defendant United assigned a discipline "point" to Plaintiff Scholz for using paid sick leave.

29.    Based on past experiences, Plaintiff Scholz expects to have to take time off to care for his family, particularly his failing 85-years old father-in-law, in addition to time off Plaintiff Scholz may need to take off for his own personal illnesses.

### Individual Allegations of Plaintiff Bybee to All Claims and Relief Sought

30.    At the start of the calendar year 2021, Plaintiff Bybee had approximately 1,011 hours of sick leave in his sick leave bank, accrued from his many years with Defendant United.  Plaintiff Bybee could expect to accrue a further 96-hours of sick leave in 2021 or one sick day per month.

8

31.     On April 14, 2021, Plaintiff Bybee took authorized personal sick leave due to a personal medical condition. This personal sick leave was for 60-days from April 14, 2021 through June 13, 2021.  Defendant United auto-designated this personal sick leave as kin care sick leave to cover Plaintiff Bybee's absences without Plaintiff Bybee's authorization or permission.  By April 19, 2021, Defendant United had illicitly exhausted all of Plaintiff Bybee's kin care sick leave for 2021 through erroneously designating personal sick leave as kin care sick leave.

32.     Upon his return from sick leave, Plaintiff Bybee submitted multiple requests to Defendant United to correctly designate those absences and use of his paid sick leave as personal sick leave rather than kin care sick leave; however, Defendant United refused to do so, stating the kin care rules do not apply to Defendant United and it is only because of Defendant United's generosity Plaintiff Bybee gets to use, and have absences designated, as kin care at all.

33.     In addition to Defendant United's failure to correctly designate Plaintiff Bybee's sick leave, on June 13, 2021, Defendant United assigned a discipline "point" to Plaintiff Bybee for using his available paid sick leave for his medical condition.

34.     Based on past experiences, Plaintiff Bybee expects to have to take time off to care for his mother in addition to the time off Plaintiff Bybee must take off for his own medical conditions.

## CLASS ALLEGATIONS

35.     Plaintiffs bring this action individually, and on behalf of all other similarly situated Technician employees of Defendant United, who are currently employed or were formerly employed by Defendant United in California at any time during the Class Period. Plaintiffs' claims are brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest among the Class with respect to the claims asserted herein and the proposed Class is easily ascertainable.

CLASS ACTION VERIFIED COMPLAINT

36.     Ascertainability and Numerosity.   The members of the Class are ascertainable and sufficiently numerous that joinder of all members is impracticable. On information and belief, the Class includes approximately 3,000 individuals employed by or formerly employed by Defendant United in California, including in San Mateo County, as Technicians at any time since November 5, 2017 ("Class Period"). The Class Period also includes unknown future employees who will become employed as Technicians by Defendant United during the Class Period prior to Class certification.  The names and addresses of Class members are available from Defendant United and notice can be provided to the Class using common techniques and customary notice used in class action lawsuits of this nature.  Joinder of all such current and former Technicians individually would be impractical.

37.     Commonality.  There are questions of law and fact common to the Class, including but not limited to whether Defendant United's sick leave and attendance policies violate the Labor Code; whether Defendant United's conduct constitutes an unlawful, unfair, or deceptive business act or practice; and what the appropriate remedies for Defendant United's conduct should be. These questions predominate over individual questions.

38.     Typicality.  The claims of Plaintiffs Scholz and Bybee are typical of the claims of the Class Plaintiffs seek to represent.  As set forth herein, Defendant United's common course of conduct caused Plaintiffs, and other similarly situated Class members, the same or similar injuries and damages.  Plaintiffs Scholz' and Bybee's claims are thereby representative of and coextensive with the claims of the Class.

39.     Adequacy.  Plaintiffs Scholz and Bybee will fairly and adequately represent and protect the interests of the Class because Plaintiffs are a member of the class Plaintiffs seek to represent and because it is in Plaintiffs' best interests to prosecute the claims alleged herein to obtain

declaratory relief, injunctive relief, restitution, damages, and other relief for violations the Class has already suffered. Plaintiffs Scholz and Bybee will prosecute the case vigorously on behalf of the Class as demonstrated by having already devoted time and resources to initially investigating these claims. Neither Plaintiff Scholz or Plaintiff Bybee have known conflicts of interest with the Class. And, Counsel for Plaintiffs has the requisite resources, experience, and ability to prosecute this action as a class action.

40.    Superiority of Class Action. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Specifically, because the damages suffered by certain individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for Class members to pursue claims separately. Class action treatment will permit all those similarly situated, as well as all parties and the judicial system, to litigate these claims efficiently and economically. Class action treatment will also avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for all Class members. Moreover, because Defendant United has implemented an unlawful policy generally applicable to the Class, issuing injunctive relief and declaratory relief with respect to the Class as a whole makes class action treatment appropriate. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this complaint.

**FIRST CAUSE OF ACTION**
**(Kin Care Violations Brought by Plaintiffs Against Defendant United and Does 1-10)**
**(Cal. Lab. Code §§ 233 and 234)**

41.    Plaintiffs incorporate all paragraphs above as if fully set forth herein.

42.    Labor Code § 233(a) requires "[a]any employer who provides sick leave  for employees shall permit an employee to use in any calendar year the employee's accrued and available sick

11

leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement for the reasons specified in subdivision (a) of § 246.5." Thus, Labor Code § 233 requires the employee be the party to designate the type of use – kin care or personal care – for which accrued, paid sick leave is being taken.

43.     Defendant United's practice and policy of auto-designating all paid sick leave as kin care sick leave without permission or authorization violates Labor Code § 233.

44.     Defendant United, by its erroneous designation, illicitly depletes available kin care, an action the legislature specifically sought to prevent in drafting the kin care law, and actively prevents the Technician employee, including Plaintiffs and the Class, from using accrued and available paid sick leave as provided for by California law.

45.     Moreover, Defendant United's practice and policy of requiring Technician employees, including Plaintiffs and the Class, to use accrued and available paid sick leave as kin care sick leave when the paid sick leave is being taken for personal sick leave or when a Technician employee would not elect to use accrued and available paid sick leave as kin care sick leave even if given the choice, denies the Technician, including Plaintiffs and the Class, the right to use accrued and available paid sick leave for kin care sick leave for absences later in time to care for covered family members, additionally violating Labor Code § 233.

46.     The anti-retaliation provisions of Labor Code § 233 protect the employee from retaliation for the employee's use of sick time for the employee's own needs. Labor Code § 233(c) forbids any employer to "deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reasons specified in subdivision (a) of § 246.5."

12

47.     And, pursuant to Labor Code § 234, an employer absence control policy counting the use of sick leave as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Labor Code § 233.

48.     Together Labor Code §§ 233 and 234 provide if an employee has accrued and available sick leave, and is using available accrued paid sick leave for a purpose as specified in the law, it is not permissible for an employer to give the employee an "occurrence" for the absence under such an attendance policy because such action would constitute a form of discipline against the employee for using paid sick leave as allowed under the paid sick leave law.

49.     Defendant United's practices and policies effectuate such a prohibited result because Defendant United's attendance policy counts the use of paid sick leave as an absence that may lead to discipline, which violates the Labor Code.

50.     Defendant United's continuing violation of the laws pleaded herein will cause great and irreparable damage to Plaintiffs and the Class unless Defendant United is immediately restrained from committing further illegal acts.

51.     Plaintiffs Scholz and Bybee have no plain, speedy, or adequate remedy at law.

## SECOND CAUSE OF ACTION
**(Unfair Business Practices Brought by Plaintiffs Against Defendant United and Does 1-10)**
**(Cal. Bus. & Prof. Code §§ 17200 et seq.)**

52.     Plaintiffs incorporate all paragraphs above as if fully set forth herein.

53.     Plaintiffs Scholz and Bybee assert this cause of action for unfair, unlawful, and/or deceptive business practices and the following against Defendant United and Does 1-10, who are all "persons" within the meaning of § 17201 of the California Business and Professions Code.

54.     California Business and Professions Code §§ 17200 et seq., ("Unfair Competition Law"), prohibits any unlawful, unfair, fraudulent, or deceptive business act or practice.

13

55.     The acts, policies, and practices alleged in this action by Plaintiffs Scholz and Bybee against Defendant United, and Does 1-10, are willful violations of California law, including but not limited to violation of Labor Code §§ 233 and 234, constituting unfair business practices as defined by §§ 17200 et seq. of the California Business and Professions Code.

56.     At all relevant times, Defendant United engaged in unlawful and unfair business practices in violation of the Unfair Competition Law through common and systemic employment policies and practices including unilaterally auto-designating sick leave as kin care sick leave, interfering with sick leave, and disciplining employees for using paid sick leave as alleged in this Complaint, in violation of the Labor Code.

57.     By engaging in the above-described unfair business practices, Defendant United has sought to avoid, and successfully avoided, obligations to meet minimum employee-protection standards established by the California legislature, thereby shifting the burden properly imposed on Defendant United onto Plaintiffs and the Class, as well as other law-abiding businesses.

58.     Defendant United's business practices deprived Plaintiffs Scholz and Bybee, and other similarly situated Class members, of employee protections and rights to which they are legally entitled, which constitutes unlawful and unfair fraudulent business practices and provides an unfair advantage to Defendant United over its competitors who have been or are currently in honest compliance with applicable employment laws.

59.     Furthermore, on information and belief, Plaintiffs Scholz and Bybee allege Defendant United, by engaging in the aforementioned unfair, unlawful, and fraudulent business acts and practices complained of above, obtains competitive advantage over law-abiding employers with which Defendant United competes and is unjustly enriched as a result of such unlawful and unfair business practices.

14

60.    As a direct and proximate result of the unfair, unlawful, and fraudulent business practices committed by Defendant United, by engaging in the aforementioned unfair and unlawful business practices, Defendant United has caused Plaintiffs and the Class to suffer injury and to lose money or property as a result of such unfair and unlawful business practices.

61.    Defendant United, and all persons acting in concert with Defendant United, have engaged in, are currently engaging in, and will continue to engage in the aforementioned unfair and unlawful acts and practices unless restrained or enjoined by this Court.  The aforementioned unlawful acts and practices violate public policy and will cause great and irreparable harm to Plaintiff Bybee and the Class, to Defendant United's competition, and to the general public unless Defendant United is restrained from committing such further unfair and unlawful business acts or practices.

62.    Pursuant to California Business and Professions Code § 17203, Plaintiffs and the Class are entitled to seek injunctive relief prohibiting Defendant United's continuing unfair, unlawful, and deceptive business acts and practices alleged herein. Injunctive relief is necessary to prevent Defendant United from continuing the unfair, unlawful, and deceptive business acts and practices alleged herein. Moreover, Plaintiffs and the Class are entitled, pursuant to California Business and Professions Code §§ 17203 and 17208, to restitution for, among other things, any denied pay and/or benefits beginning four (4) years prior to filing this complaint to the present.  Plaintiffs have no other adequate remedy at law.

63.    Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of the Class and to enforce important employment rights affecting the public interest.  Plaintiffs have thereby incurred attorney fees and costs, which Plaintiffs are entitled to recover on all causes of action under California Code of Civil Procedure § 1021.5.

CLASS ACTION VERIFIED COMPLAINT

**THIRD CAUSE OF ACTION**
**(Declaratory Relief Brought by Plaintiffs Against Defendant United and Does 1-10)**
**(Cal. Code of Civ. Proc. §§ 1060 et seq.)**

64.    Plaintiffs incorporate all paragraphs above as if fully set forth herein.

65.    Plaintiffs Scholz and Bybee assert this cause of action for declaratory relief and the following against Defendant United and Does 1-10 in their official capacity as purported agents of Defendant United.

66.    An actual controversy has arisen and now exists between Plaintiffs Scholz and Bybee and Defendant United concerning their respective rights, obligations, and duties.  Plaintiffs Scholz and Bybee therefore seeks declaratory relief as set forth below.

67.    Defendant United auto-designates all sick leave as kin care sick leave contrary to the dictates of Labor Code §§ 233 and 234.

68.    Defendant United unequivocally and emphatically state Labor Code §§ 233 and 234 do not apply to Defendant United and, more importantly, Defendant United will not adhere to the dictates of Labor Code §§ 233 and 234.

69.    Defendant United counts sick leave as an "occurrence" potentially leading to discipline, up to and including termination, for the Technician employee, including Plaintiffs and the Class.

70.    Plaintiffs Scholz and Bybee contend Defendant United's designation of all sick leave absences as kin care sick leave absences, regardless of circumstances, violates Labor Code §§ 233 and 234.

71.    Plaintiffs Scholz and Bybee contend Labor Code §§ 233 and 234 apply to Defendant United and Defendant United is required to adhere to the dictates of those Labor Code sections.

72.    Plaintiffs Scholz and Bybee contend Defendant United's counting sick leave as an absence or "occurrence" which could potentially lead to discipline for a Technician employee,

16

up to and including termination, including Plaintiffs and the Class, unfairly discriminates against Plaintiffs, and the Class, and therefore violates Labor Code §§ 233 and 234.

73.     Declaratory relief pursuant to California Code of Civil Procedure § 1060 is necessary to resolve the controversies between Plaintiffs and Defendant United because the controversies are incapable of resolution without judicial intervention and adjudication.

### **PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendant United as follows:

A.     Certification of this action as a class action on behalf of the proposed class;

B.     Designation of Plaintiffs as Representatives of the Class and designation of Plaintiffs' counsel as Class counsel;

C.     Declare Defendant United's paid sick leave practices and policies violate Labor Code §§ 233 and 234;

D.     Declare Defendant United's attendance practices and policies violate Labor Code §§ 233 and 234;

E.     Permanently enjoin Defendant United from applying its paid sick leave practices and policies in a manner that violates Labor Code §§ 233 and 234;

F.     Permanently enjoin Defendant United from applying its attendance practices and policies in a manner that violates Labor Code §§ 233 and 234;

G.     Order an accounting of all paid sick leave designations, of all attendance policy point designations, and of all resultant amounts unlawfully retained by Defendant and Does 1-10;

H.     Award restitution for unfairly and unlawfully auto-designating sick leave;

I.     Award of all damages, monetary relief, wages, premiums, reimbursements, and other sums due to Plaintiffs and the Class by virtue of their claims;

17

J.     Award attorney's fees, expenses, and costs, as permitted by law;

K.     Order a jury trial on all issues triable to a jury as a matter of right; and

L.     For such other and further relief as this Court deems just and proper.

Dated: 11/1/2021                          Law Office of Jane C. Mariani

                                          By: _____
                                                Jane C. Mariani,
                                                *Attorney for Plaintiffs*

## VERIFICATION

I, John R. Scholz, III, declare I am an individual plaintiff in this action. I declare I have read the foregoing complaint and know its contents. I declare the complaint is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the state of California the foregoing is true and correct.

Date: 11/11/2021                          _____
                                          John R. Scholz, III, Declarant Plaintiff

I, Kevin E. Bybee, declare I am an individual plaintiff in this action. I declare I have read the foregoing complaint and know its contents. I declare the complaint is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the state of California the foregoing is true and correct.

Date: 11/1/2021                           _____
                                          Kevin E. Bybee, Declarant Plaintiff

18

CLASS ACTION VERIFIED COMPLAINT

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jane C Mariani SBN 313666<br>Jane C Mariani<br>　　　TELEPHONE NO:  415-203-2453　　　FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>　ATTORNEY FOR *(Name)*:  Plaintiff | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON　**11/15/2021**<br>By　__/s/ Priscilla Tovar__<br>　　　　**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Mateo
　STREET ADDRESS:  400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE:  Redwood City, 94063
　BRANCH NAME:  Southern Branch

| PLAINTIFF / PETITIONER:   John R Scholz III, Kevin E Bybee<br>DEFENDANT / RESPONDENT:   United Airlines INC | CASE NUMBER:<br>21-CIV-06029 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>6343307 (2021-1674) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:
3. a. Party served *(specify name of party as shown on documents served)*:
      United Airlines INC
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      United Airlines INC C/O Jessie gastelum - CT Corp Registered agent
4. Address where the party was served:
   330 N Brand Blvd STE 700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  Wed, Nov 10 2021　　　(2) at *(time)*:  12:31 PM
   b. [ ] by substituted service. On *(date)*:　　　　at *(time)*:　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
       from *(city)*:　　　　　　　or [ ] a declaration of mailing is attached.
   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:  John R Scholz III, Kevin E Bybee | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  United Airlines INC | 21-CIV-06029 |

5.   c.   [   ]   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)   on *(date)*:            (2)   from *(city)*:

      (3)   [   ]   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

      (4)   [   ]   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   [   ]   **by other means** *(specify means of service and authorizing code section)*:

      [   ]   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a.   [   ]   as an individual defendant.

  b.   [   ]   as the person sued under the fictitious name of *(specify)*:

  c.   [   ]   as occupant.

  d.   [X]   On behalf of *(specify)*:   United Airlines INC

       under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| [   ] 416.10 (corporation) | [X] 415.95 (business organization, form unknown) | |
| [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) | |
| [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) | |
| [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) | |
| [   ] 416.50 (public entity) | [   ] 415.46 (occupant) | |
| [   ] other: | | |

7. **Person who served papers**

  a.   Name:              Sterling Holt

  b.   Address:         254 N lake Ave Suite 124, PASADENA, CA 91101

  c.   Telephone number:   626-385-8662

  d.   **The fee** for service was:   $49.95

  e.   I am:

      (1)   [   ]   not a registered California process server.

      (2)   [X]   exempt from registration under Business and Professions Code section 22350(b).

      (3)   [   ]   a registered California process server:

         (i)   [   ] owner   [   ] employee   [X] independent contractor

         (ii)   Registration No.:   PI 188865

         (iii)   County:   Los Angeles

8.   [X]   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       or

9.   [   ]   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   11/12/2021

Sterling Holt

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____

(SIGNATURE)

 **CT Corporation**

**Service of Process Transmittal**
12/07/2021
CT Log Number 540702448

**TO:**   Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

**RE:**   **Process Served in California**

**FOR:**   United Airlines, Inc.  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHN R. SCHOLZ, III, an individual, and KEVIN E. BYBEE, an individual, on behalf of themselves and others similarly situated // To: United Airlines, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21CIV06029 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/07/2021 at 02:58 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/08/2021, Expected Purge Date: 12/13/2021 |
| | Image SOP |
| | Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com |
| | Email Notification,  Maria Bustamante  maria.bustamante@united.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 CT Corporation

**Service of Process Transmittal**
12/07/2021
CT Log Number 540702448

**TO:**   Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

**RE:**   **Process Served in California**

**FOR:**   United Airlines, Inc.  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| -- | By Process Server on 11/10/2021 at 01:29 | Maria Bustamante, Paralegal-Litigation United Airlines, Inc. | 540566470 |



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Dec 7, 2021

**Server Name:**                   DROP SERVICE

| Entity Served | UNITED AIRLINES INC |
| --- | --- |
| Case Number | 21CIV06029 |
| Jurisdiction | CA |





**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| FOR COURT USE ONLY |
| --- |
| **FILED** |
| SAN MATEO COUNTY |
| 11/5/2021 |
| **Clerk of the Superior Court** |
| /s/ Anthony Berini |
| DEPUTY CLERK |

PETITIONER/PLAINTIFF:  **JOHN R. SCHOLZ, III; KEVIN E. BYBEE**

RESPONDENT/DEFENDANT:  **UNITED AIRLINES, INC., A DELAWARE CORP.,; DOES 1 THROUGH 10, INCLUSIVE**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT AND TRIAL SETTING CONFERENCE**

CASE NUMBER:
**21-CIV-06029**

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to:  **V. Raymond Swope** in **Department 23**.

A Case Management and Trial Setting Conference is set before the Assigned Judicial Officer, as follows:

DATE: 3/11/2022

TIME: 2:00 PM

DEPARTMENT: Department 23

LOCATION: Hall of Justice, 400 County Center, Redwood City, CA 94063

APPEARANCES SHALL BE REMOTE ONLY.  Please visit our website at for information on remote appearances: https://www.sanmateocourt.org/general_info/remote_appearance.php

*\*Any previously set Trial Setting Conference dates are vacated*

ASSIGNED DEPARTMENT INFORMATION

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
| --- | --- | --- |
| V. Raymond Swope | 650-261-5123 | Dept23@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Case Management Conference.  The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
   b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
   c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.
   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a Stipulation and Order to ADR (Local Form ADR-CV-1). File and serve the completed Stipulation and Order to ADR form at least 12 days

prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

3. Pursuant to Rule 3.1385, California Rules of Court, you must advise the court of any change of status, or settlement of this case.

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 11/5/2021

                                       Neal I Taniguchi, Court Executive Officer/Clerk

                         By:   /s/ Anthony Berini
                                   Anthony Berini, Deputy Clerk

Notice being served on:

     JANE C MARANI
     LAW OFFICE OF JANE C MARANI
     584 CASTRO STREET # 687
     SAN FRANCISCO CA  94114

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| | |

TELEPHONE NO.:                         FAX NO. *(Optional):*
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                    Time:              Dept.:            Div.:              Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint

      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action):*

**Page 1 of 5**

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☐ days *(specify number):*

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                    f.  Fax number:

e. E-mail address:                    g.  Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]   [ Clear this form ]



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
MULTI OPTION ADR PROJECT
HALL OF JUSTICE AND RECORDS
400 COUNTY CENTER
REDWOOD CITY, CALIFORNIA 94063

# ADR Stipulation and Evaluation Instructions

In accordance with ***Local Rule 3.904(b)***, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. In accordance with ***Local Rule 2.1.7***, all parties, except for self-represented litigants, are **required** to file the Stipulation and Order to ADR **electronically**.

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations **must** include the following:

- ❑ Signatures for all attorneys (and/or parties in pro per);
- ❑ The name and phone number of the neutral;
- ❑ Date of the ADR session (date must include month, day and year. TBD or tentative responses will not be accepted); and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the Court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the Court's website at www.sanmateocourt.org/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial Case Management Conference (CMC), parties must file a completed stipulation at least 12 days before the scheduled Case Management Conference. The clerk will vacate the Case Management Conference, and the general civil action will be referred to the ADR Analyst [***Local Rule 3.805(f)***].

### If Filing Stipulation Following a Case Management Conference or Following an Order to Vacate Case Management Conference and Order to ADR

When parties are referred to ADR at the CMC, or parties receive an Order Vacating Case Management Conference and Order to ADR, they have 21 days from the date of the CMC or Order to file a Stipulation and Order to ADR with the Court [***Local Rule 3.904(b)***].

### Post-ADR Session

Submit post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation by Attorneys and Client Evaluation will be mailed by the ADR department as the mediation session date approaches, or can be downloaded from the Court's website [***Local Rule 3.905(c)***].

If not all disputes are resolved through the ADR session, file a Statement of Nonagreement (ADR-CV-11) with the Court to facilitate the setting of a post-ADR Case Management and Trial Setting Conference before the assigned Civil Judge [***Local Rule 3.905(b)***].

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at **(650) 261-5075**.

Form ADR-CV-1 [Rev. July 2021]

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655 (650) 261-5100 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference or Order to ADR unless directed otherwise by the Court and ADR Department [*Local Rule 3.904(b)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):
- ◎ Voluntary Mediation
- ◎ Neutral Evaluation
- ◎ **Non-Binding Judicial Arbitration CCP 1141.12**
- ◎ Binding Arbitration (private)
- ◎ Settlement Conference (private)
- ◎ Summary Jury Trial
- ◎ Other: _____

Case Type: _____

Neutral's name and telephone number:_____Date of session: _____ .
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____     _____
                                                        Original Signatures

| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |

## IT IS SO ORDERED:

Date: _____     _____
                                Judicial Officer of the Superior Court of San Mateo County

Form ADR-CV-1 [Rev. July 2021]

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

### SUPERIOR COURT OF CALIFORNIA, SAN MATEO COUNTY

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

### WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits.   Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes.   All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time**.  Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.**  By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.**  Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.**  Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.**  ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation.  Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation.   The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award.  Arbitration awards may be entered as

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes.  Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations.  The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

## CIVIL ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT

- Upon filing a Complaint, the Plaintiff will receive this **information sheet** from the Superior Court Clerk.  Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here.  Parties chose and contact their own ADR provider. A Panelist List is available online.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference**. The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC.  ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days.  If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**You can find ADR forms on the ADR webpage: www.sanmateocourt.org/adr. For more information contact the Multi-Option ADR Project at (650) 261-5075 or 261-5076.**